IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NORTH CAROLINA NORTHERN DIVISION

|  |  |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br><br>    Plaintiff<br><br>    v.<br><br>DEBRA HAALAND, Secretary of the U.S. Department of the Interior; and MARTHA WILLIAMS, Director of the U.S. Fish and Wildlife Service<br><br>    Defendants. | Case No: 2:23-CV-58-BO-BM |

**FEDERAL DEFENDANTS' ANSWER TO COMPLAINT**

Defendants Debra Haaland, in her official capacity as Secretary of the United States Department of the Interior; and Martha Williams, in her official capacity as Director of the U.S. Fish and Wildlife Service (hereinafter collectively known as "Federal Defendants") hereby submit this Answer in response to Plaintiff's Complaint. The headings used in this Answer are from the Complaint and reflect the Plaintiff's characterization of its claims.

**INTRODUCTION**

1. The allegations in Paragraph 1 consist of Plaintiff's characterization of their lawsuit and legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

2. Federal Defendants admit the allegations in the first sentence of Paragraph 2. The allegations in the first clause of the second sentence of Paragraph 2 are vague and ambiguous and are denied on that basis. Federal Defendants admit the remaining allegations in Paragraph 2.

1

3.  Federal Defendants admit that Plaintiff submitted a petition dated May 24, 2016, to revise the red wolf 10(j) rule. The remaining allegations in Paragraph 3 purport to characterize that petition, which speaks for itself and is the best evidence of its content. Federal Defendants deny the allegations to the extent they are inconsistent with the petition document.

4.  Federal Defendants admit the allegations in Paragraph 4.

5.  The allegations in in the first and third sentences of Paragraph 5 are legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied. The allegations in the second sentence of Paragraph 5 are vague and ambiguous and are denied on that basis.

## JURISDICTION AND VENUE

6.  The allegations in Paragraph 6 contain legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

7.  The allegations in Paragraph 7 contain legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

## PARTIES

8.  Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and on this basis, they are denied.

9.  Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 9 and on this basis, they are denied. Federal Defendants admit that Plaintiff petitioned the Service in May of 2016 to revise the red wolf's 10(j) rule, and again on December 8, 2016, to revise the red wolf recovery plan. Federal Defendants admit that it published a revised recovery plan earlier this year pursuant to a settlement agreement with the Center. Federal Defendants deny the remaining claims in Paragraph 9.

2

10. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and on this basis, they are denied.

11. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and on this basis, they are denied.

12. The allegations in Paragraph 12 consist of legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

13. The allegations in Paragraph 13 consist of legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

14. The allegations in the first sentence of Paragraph 14 purport to characterize the Endangered Species Act, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Endangered Species Act. The remaining allegations consist of Plaintiff's characterization of their lawsuit, to which no response is required. To the extent a response is required, the allegations are denied.

15. The allegations in the second sentence of Paragraph 15 purport to characterize the Endangered Species Act, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Endangered Species Act. The allegations in the third and fourth sentences of Paragraph 15 are vague and ambiguous and are denied on that basis. The remaining allegations consist of Plaintiff's characterization of their lawsuit, to which no response is required. To the extent a response is required, the allegations are denied.

16. The allegations in the second sentence of Paragraph 16 purport to characterize the red wolf 10(j) rule and a federal court ruling, which speak for themselves and are the best evidence of their content. Federal Defendants deny the allegations to the extent they are inconsistent with either record. The remaining allegations consist of Plaintiff's characterization

of their lawsuit, to which no response is required. To the extent a response is required, the allegations are denied.

17. Federal Defendants admit that Debra Haaland is the Secretary of the U.S. Department of the Interior. The remaining allegations in Paragraph 17 are legal conclusions and are denied on that basis.

18. Federal Defendants admit that Martha Williams is the Director of the U.S. Fish and Wildlife Service. The remaining allegations in Paragraph 18 are legal conclusions and are denied on that basis.

## BACKGROUND

19. The allegations in the first sentence of Paragraph 19 purport to characterize or quote the court decision *Tenn. Valley Auth. v. Hill*, 437 U.S. 153, 180 (1978), which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the court decision. The remaining allegations in Paragraph 19 purport to characterize or quote the Endangered Species Act, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Endangered Species Act.

20. The allegations in Paragraph 20 purport to characterize or quote the Endangered Species Act, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Endangered Species Act.

21. The allegations in Paragraph 21 purport to characterize or quote the Endangered Species Act implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Endangered Species Act implementing regulations.

22. The allegations in the second sentence of Paragraph 22 purport to characterize the Endangered Species Act, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Endangered Species Act. The remaining allegations consist of Plaintiff's characterization of their lawsuit and legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

23. The allegations in Paragraph 23 purport to characterize the Endangered Species Act, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Endangered Species Acts.

24. The allegations in Paragraph 24 purport to characterize or quote the Endangered Species Act and its implementing regulations, and the Administrative Procedure Act, all of which speaks for themselves and are the best evidence of their contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Endangered Species Act and its implementing regulations.

25. The allegations in Paragraph 25 purport to characterize the Endangered Species Act, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Endangered Species Act.

26. The allegations in Paragraph 26 purport to characterize or quote the Endangered Species Act, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Endangered Species Act.

27. The allegations in the first sentence of Paragraph 27 purport to characterize or quote the Endangered Species Act and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Endangered Species Act and its implementing regulations. The

remaining allegations consist of Plaintiff's characterization of their lawsuit and legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

28. The allegations in Paragraph 28 purport to characterize or quote the Endangered Species Act and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Endangered Species Act and its implementing regulations.

29. The allegations in Paragraph 29 purport to characterize or quote the Endangered Species Act implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Endangered Species Act implementing regulations.

30. The allegations in Paragraph 30 purport to characterize or quote the Endangered Species Act implementing regulations and two federal court rulings, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Endangered Species Act implementing regulations or the federal court rulings.

31. The allegations in Paragraph 31 purport to characterize or quote the Administrative Procedure Act, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Administrative Procedure Act.

32. The allegations in Paragraph 32 purport to characterize or quote the Administrative Procedure Act, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Administrative Procedure Act.

33. The allegations in Paragraph 33 purport to characterize or quote the Administrative Procedure Act, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Administrative Procedure Act.

34. The allegations in Paragraph 34 purport to characterize or quote the Administrative Procedure Act, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Administrative Procedure Act.

## FACTUAL BACKGROUND

35. Federal Defendants admit the allegations in Paragraph 35.

36. Federal Defendants admit the red wolf is an endangered species and that the red wolf was listed as "threatened with extinction" in 1967 under the Endangered Species Preservation Act of 1966, which was a precursor to the Endangered Species Act. The remaining allegations in Paragraph 36 are vague and ambiguous and are denied on that basis.

37. Federal Defendants admit the allegations in Paragraph 37.

38. Federal Defendants admit the Service established the Eastern North Carolina Red Wolf Population under section 10(j) of the Endangered Species Act in 1986. The remaining allegations in Paragraph 38 purport to characterize the final rule establishing the Eastern North Carolina Red Wolf Population, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the final rule.

39. Federal Defendants admit the allegations in Paragraph 39.

40. The allegations in Paragraph 40 purport to characterize the 1995 revised 10(j) rule for the red wolf, which speaks for itself and is the best evidence of its contents. Federal

7

Defendants deny the allegations to the extent they are inconsistent with the 1995 revised 10(j) rule for the red wolf.

41. Federal Defendants admit the allegations Paragraph 41.

42. In response to the first sentence of Paragraph 42, Federal Defendants admit only that the population's numbers have declined since 2012. The remaining allegations of the first sentence of Paragraph 42 are denied. Federal Defendants admit the remaining allegations in Paragraph 42.

43. In response to the first sentence of Paragraph 43, Federal Defendants admit that gunshots and vehicle collisions are the two leading causes of death for wild red wolves. The remaining allegations in the first sentence of Paragraph 43 are denied. Federal Defendants admit the remaining allegations in Paragraph 43.

44. Federal Defendants admit the allegations in Paragraph 44.

45. Federal Defendants admit that Plaintiff submitted a Petition to Defendants pursuant to APA § 553(e) on May 24, 2016. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 45 and on this basis, they are denied.

46. The allegations in Paragraph 46 purport to characterize the 2016 Petition, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Petition.

47. The allegations in Paragraph 47 purport to characterize the 2016 Petition, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Petition.

48. The allegations in Paragraph 48 purport to characterize the 2016 Petition, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Petition.

49. Federal Defendants admit the allegations in Paragraph 49.

50. The allegations in Paragraph 50 consist of Plaintiff's characterization of their lawsuit and legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

51. The allegations in Paragraph 51 consist of legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

52. The allegations in Paragraph 52 purport to characterize the Service's response to the 2016 Petition, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Service's response to the 2016 Petition.

53. The allegations in the first sentence of Paragraph 53 purport to characterize the Service's response to the 2016 Petition, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Service's response to the 2016 Petition. The remaining allegations purport to characterize the Endangered Species Act, its implementing regulations, and its legislative history, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Endangered Species Act, its implementing regulations, and its legislative history.

54. The allegations in Paragraph 54 purport to characterize the 1984 final rule establishing implementing regulations for section 10(j) of the Endangered Species Act, which

9

speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the 1984 final rule.

55. The allegations in Paragraph 55 purport to characterize the Endangered Species Act, its implementing regulations, and its legislative history, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Endangered Species Act, its implementing regulations, and its legislative history.

56. The allegations in the second sentence of Paragraph 56 purport to characterize a scientific study, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the cited study. The remaining allegations in Paragraph 56 consist of Plaintiff's characterization of their lawsuit, to which no response is required. To the extent a response is required, the allegations are denied.

57. The allegations in Paragraph 57 purport to characterize the Service's response to the 2016 Petition, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Service's response to the 2016 Petition.

58. Federal Defendants admit the 10(j) rule for the red rule was last revised in 1995. The remaining allegations in Paragraph 58 are vague and ambiguous and are denied on that basis.

59. The allegations in Paragraph 59 consist of Plaintiffs' characterization of their lawsuit and legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

## CLAIM FOR RELIEF

60. Federal Defendants reassert their answers to the preceding paragraphs as if fully set forth herein.

61. Federal Defendants admit the allegations in the first two sentences of Paragraph 61. The remaining allegations are vague and ambiguous and are denied on that basis.

62. Federal Defendants admit the allegations in the first sentence of Paragraph 62. The second and third sentences in Paragraph 62 purport to characterize the 2016 Petition, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the 2016 Petition. The remaining allegations purport to characterize the Service's response to the 2016 Petition, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Service's response to the 2016 Petition.

63. The allegations in the first sentence of Paragraph 63 consist of legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied. The remaining allegations in Paragraph 63 consist of Plaintiff's characterization of their lawsuit, to which no response is required. To the extent a response is required, the allegations are denied.

64. The first sentence in Paragraph 64 purports to characterize the 1995 revised 10(j) rule for the red wolf, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the 1995 revised 10(j) rule for the red wolf. The second sentence in Paragraph 64 purport to characterize the 2016 Petition, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Petition. The third sentence in Paragraph 64 purports to characterize the Service's response to the 2016 Petition, which speaks

for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Service's response to the 2016 Petition.

65. The allegations in Paragraph 65 consist of Plaintiff's characterization of their lawsuit, to which no response is required. To the extent a response is required, the allegations are denied.

66. The allegations in Paragraph 66 consist of legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

### PRAYER FOR RELIEF

The remainder of the Complaint, beginning with the word "WHEREFORE," is a prayer for relief to which no response is required. To the extent the allegations are deemed to be factual, they are denied.

Dated: December 12, 2023　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　TODD KIM
　　　　　　　　　　　　　　　　　　　　Assistant Attorney General
　　　　　　　　　　　　　　　　　　　　JAY GOVINDAN
　　　　　　　　　　　　　　　　　　　　Section Chief
　　　　　　　　　　　　　　　　　　　　BRIDGET MCNEIL
　　　　　　　　　　　　　　　　　　　　Assistant Section Chief

　　　　　　　　　　　　　　　　　　　　*/s/ Shampa A. Panda*
　　　　　　　　　　　　　　　　　　　　SHAMPA A. PANDA
　　　　　　　　　　　　　　　　　　　　Trial Attorney
　　　　　　　　　　　　　　　　　　　　United States Department of Justice
　　　　　　　　　　　　　　　　　　　　Environment & Natural Resources Division
　　　　　　　　　　　　　　　　　　　　Wildlife & Marine Resources Section
　　　　　　　　　　　　　　　　　　　　P.O. Box 7611
　　　　　　　　　　　　　　　　　　　　Washington, DC 20044-7611
　　　　　　　　　　　　　　　　　　　　Tel: (202) 305-0431
　　　　　　　　　　　　　　　　　　　　Fax: (202) 305-0275
　　　　　　　　　　　　　　　　　　　　E-mail: shampa.panda@usdoj.gov

　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 12, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to the attorneys of record.

*/s/ Shampa A. Panda*
SHAMPA A. PANDA
Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 305-0431
Fax: (202) 305-0275
E-mail: shampa.panda@usdoj.gov

*Attorney for Defendants*