IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:23-CV-58-BO-BM

| | | |
|---|---|---|
| CENTER FOR BIOLOGICAL DIVISIVERSITY, ) ) ) Plaintiff, ) v. ) ) DEB HAALAND, Secretary of the Interior, ) and MARTHA WILLIAMS, Director of ) U.S. Fish and Wildlife Service, ) ) Defendants. ) | | O R D E R |

This cause comes before the Court on plaintiff's motion to supplement and complete the administrative record and request for judicial notice. Defendants have responded and the time for filing a reply has expired. A hearing on the motion was held before the undersigned on September 24, 2024, at Raleigh, North Carolina. In this posture, the motion is ripe for ruling. For the reasons that follow, it is granted in part and denied in part.

## BACKGROUND

On October 4, 2023, plaintiff filed a complaint against defendants seeking declaratory and injunctive relief for alleged violation of the Administrative Procedure Act (APA), 5 U.S.C. § 500, *et seq*. Plaintiff alleges that defendants arbitrarily and capriciously denied its 2016 petition in which plaintiff requested that defendants reclassify the Eastern North Carolina Red Wolf Population as an "essential" population and restrict red wolf shootings by private landowners under section 10(j) of the Endangered Species Act ("ESA"), 16 U.S.C. § 1539(j).

Plaintiff filed the instant motion in which it seeks to supplement and complete the administrative record before this Court for review. Plaintiff seeks to supplement the record with four published studies which address the interrelationship between authorized lethal wolf management and illegal killing. Plaintiff further seeks to complete the record through the inclusion of two omitted email attachments. Plaintiff argues that if defendants believe that the attachments are exempt from disclosure, they must produce a privilege log. Plaintiff finally requests that the Court take judicial notice of the contents of two webpages regarding red wolves as well as the September 2023 Revised Red Wolf Recovery Plan authored by the Fish and Wildlife Service.

Defendants oppose the supplementation and completion of the administrative record as proposed by plaintiff. Defendants do not oppose plaintiff's request that the Court take judicial notice *per se*, but oppose the use of any judicially noticed documents to support plaintiff's claim.

## DISCUSSION

Under the APA, agency action shall be set aside by a reviewing court if its "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Agency action must be deemed arbitrary and capricious where the agency has "relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).

The administrative record was filed by defendants on March 15, 2024, and includes sixteen documents. [DE 15]. "Judicial review of administrative action is generally confined to the administrative record." *Fort Sumter Tours, Inc. v. Babbitt*, 66 F.3d 1324, 1335 (4th Cir. 1995).

The administrative record includes materials and documents which were both directly and indirectly considered by the agency in making its decision, *S.C. Coastal Conservation League v. Ross*, 431 F. Supp. 3d 719, 722 (D.S.C. 2020), and there are circumstances when supplementation of the record is appropriate "[i]n order to facilitate judicial review[.]" *Lewis v. Babbitt*, 998 F.2d 880, 882 (10th Cir. 1993); *see also Fort Sumter Tours*, 66 F.3d at 1336 (circumstances may support expansion of record or allowing discovery). Courts will permit supplementation of the administrative record "(1) to explain technical information or action not adequately explained by the record (*e.g.*, more background needed); (2) to show an agency failed to consider relevant evidence; (3) to show an agency, in bad faith, failed to include certain information in the record; or (4) to demonstrate bad faith in the agency's decision making process." *Pamlico-Tar River Found. v. U.S. Army Corps of Engineers*, 329 F. Supp. 2d 600, 610 (E.D.N.C. 2004).

Having considered the arguments of the parties, the Court will permit supplementation of the record with plaintiff's proffered studies as they will assist the Court by clarifying complex subject matter. Defendants argue that plaintiff should not be permitted to include these studies because at least three of the studies were available while the agency was engaged in its decision-making and plaintiff did not present the studies to the agency for review. However, the Court agrees with plaintiff that its consideration of the proffered studies will help the Court to understand the subject matter, and thus properly make a determination as to whether the challenged action was arbitrary and capricious because it did not take into account all relevant factors. *See also Pub. Power Council v. Johnson*, 674 F.2d 791, 794 (9th Cir. 1982) (courts may consider background information not included in the administrative record).

Plaintiff also asks to complete the record by requiring defendants to provide attachments to emails, specifically drafts of the Fish and Wildlife Service's response to plaintiff's petition.

3

Defendants contend that these drafts are deliberative material, and thus need not be included in the administrative record. *See Tafas v. Dudas*, 530 F. Supp. 2d 786, 794 (E.D. Va. 2008); *S.C. Coastal Conservation League*, 431 F. Supp. 3d at 723 (D.S.C. 2020). Deliberative materials may be excluded from the administrative record because the "predecisional motivation of an agency is irrelevant as to the final decision; and . . . excluding deliberative materials permits frank internal discussions at agencies." *S.C. Coastal Conservation League*, 431 F. Supp. 3d at 723–24.

Absent any argument by plaintiff to the contrary, and in light of the strong presumption that the administrative record filed by the agency is complete, *Sanitary Bd. of City of Charleston, W. Virginia v. Wheeler*, 918 F.3d 324, 334 (4th Cir. 2019), the Court denies plaintiff's motion in this respect.

Finally, the Court considers plaintiff's request to take judicial notice. Rule 201 of the Federal Rules of Evidence permits a court to

> judicially notice a fact that is not subject to reasonable dispute because it:
> (1) is generally known within the trial court's territorial jurisdiction; or
> (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

Fed. R. Evid. 201(b). A court may take judicial notice of a government website that is publicly available. *United States v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017). Defendants do not oppose the Court taking judicial notice of two Fish and Wildlife Service websites regarding the red wolf, which include the September 2023 Revised Red Wolf Recovery Plan. Defendants do oppose the use of the judicially noticed material to support any merits argument by plaintiff. The Court will not offer an advisory opinion at this time as to how any reliance on the websites may be utilized. This aspect of plaintiff's motion is granted.

4

## CONCLUSION

Accordingly, for the foregoing reasons, plaintiff's motion to supplement and complete the administrative record [DE 16] is GRANTED IN PART and DENIED IN PART.

SO ORDERED, this 16 day of October 2024.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE